

# ARKANSAS COURT OF APPEALS

## DIVISION IV
### No. CV-13-725

| | | |
|---|---|---|
| JESSICA WEBB | | **Opinion Delivered** January 22, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G205275] |
| LETHA'S PIES and FIRSTCOMP INSURANCE | | |
| | APPELLEES | AFFIRMED |

## DAVID M. GLOVER, Judge

An administrative law judge (ALJ) determined that appellant Jessica Webb failed to prove by a preponderance of the evidence that she suffered a compensable injury to her right shoulder while employed by appellee Letha's Pies. The Commission affirmed and adopted the ALJ's opinion. Webb now appeals, arguing that substantial evidence supports a finding that her right-shoulder injury is a gradual-onset, rapid-repetitive-motion injury related to her work with appellee. We affirm the Commission's decision.

In reviewing Workers' Compensation Commission decisions, the appellate courts view the evidence and all reasonable inferences in the light most favorable to the Commission's findings; the decision will be affirmed if there is substantial evidence to support it. *Flynn v. Southwest Catering Co.*, 2010 Ark. App. 766, 379 S.W.3d 670. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* When a claim is denied due to the claimant's failure to prove entitlement to compensation by a preponderance of the

evidence, the substantial-evidence standard of review requires this court to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Id*. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008). When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Id*. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief; this court is foreclosed from determining the credibility and weight to be accorded to each witness's testimony. *Id*. The Commission has the authority to accept or reject a medical opinion and the authority to determine its probative value. *Poulan Weed Eater v. Marshall*, 79 Ark. App. 129, 84 S.W.3d 878 (2002).

For an injury to be compensable under the gradual-onset, rapid-repetitive-motion theory, a claimant must prove by a preponderance of the evidence that (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; (3) the injury was caused by rapid-repetitive motion; and (4) the injury was a major cause of the disability or need for treatment. *Lay v. United Parcel Serv.*, 58 Ark. App. 35, 944 S.W.2d 867 (1997); Ark. Code Ann. § 11-9-102(4)(A)(ii)(*a*) (Repl. 2012). In performing the analysis of whether an injury is caused by rapid-repetitive motion, a two-prong test is employed—the tasks must be repetitive, and the repetitive motion must be rapid. *Galloway v. Tyson Foods*,

2010 Ark. App. 610, 378 S.W.3d 210. As a threshold issue, the tasks must be repetitive, or the element of rapidity is not reached; even repetitive tasks and rapid work, standing alone, do not satisfy the definition—the repetitive tasks must be completed rapidly. *Id.* Furthermore, the injury must be established by medical evidence supported by objective findings. *Lay*, *supra*; Ark. Code Ann. § 11-9-102(4)(D) and (16)(A)(i).

Because the only issue in this case is whether there is substantial evidence to support the Commission's decision, and the ALJ's opinion adequately explains why Webb's claim was denied, we affirm by memorandum opinion under subsections (a) and (b) of *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellees.